# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BRANDON KEITH,                )
                                    )
       Plaintiff,            )
                                    )   CIVIL ACTION
v.                              )   FILE NO._____
                                    )
MICHAEL DIMOCK, a police officer    )   JURY TRIAL
with the City of East Point Police Dept., as  )   DEMANDED
an individual, and THE CITY OF       )
EAST POINT, GEORGIA,          )
                                    )
       Defendants.        )

## COMPLAINT

### Introduction

1. This is an action for monetary damages brought pursuant to the Fourth

   Amendment to the United States Constitution and Georgia State Law against

   Officer Michael Dimock, a police officer with the City of East Point,

   Georgia, as an individual, and the City of East Point, Georgia.  Jurisdiction

   is based upon 28 U.S.C. §§ 1331 and 1343 and on the pendent jurisdiction of

   this Court to entertain claims arising under State law.

2. On or about October 15, 2012, at approximately 9:00 p.m., Plaintiff Brandon

   Keith, his mother, his grandfather, and his girlfriend were in their home

   when they heard gunshots outside.  Plaintiff's mother called 911 while

   Plaintiff grabbed a flashlight and walked out to into his front yard.  There, he

saw a tan Ford SUV with dark tinted windows screech up in front of him. He saw the driver pointing a dark gun-like object out the window in his direction and, thinking he was about to become victim of a drive-by, he turned to run back into his house.  At that time, he felt a sudden and tremendous pain in his back and realized he had been hit…by a Taser fired by Defendant Officer Dimock ("Dimock") of the East Point Police Department.  The minute Dimock realized he just tased an unarmed man in his own front yard, Dimock downplayed the incident, telling Plaintiff's mother who had just screamed in horror because she thought her son had just been shot by gangsters, "Relax! It was just a Taser."  The City's failure to adequately train Dimock caused Plaintiff's injuries.

**Parties**

3. Plaintiff Brandon Keith was at all material times a resident of Fulton County, Georgia, and of full age.

4. Dimock was at all times relevant to this Complaint a duly appointed and acting officer of the City of East Point, Georgia, acting under color of law, to wit, under color of the statutes, regulations, policies, customs, and usages of the State of Georgia and United States.  Defendant City of East Point, Georgia, is a city and public employer of Davis.

## Facts

5.  On or about October 15, 2012, Plaintiff, his mother, his grandfather, and his girlfriend were in their East Point home when they heard gunshots ring out outside.

6.  Plaintiff's mother, Georgia, immediately called 911 while Plaintiff grabbed a flashlight, turned it on, and walked out his front door into his yard.

7.  Before Plaintiff knew it, an unmarked, tan Ford SUV with tinted windows came to screeching halt in front of him.

8.  The driver of the SUV was pointed a gun-like object out the window at Plaintiff.

9.  Thinking he was about to become victim of a drive-by, Plaintiff turned to run back into his home.

10. Plaintiff then felt a tremendous pain in his back and fell to the ground.

11. Plaintiff's mother, who was still on the phone with 911, his grandfather, and his girlfriend were out on the front porch at this time.  They screamed in horror, thinking that Plaintiff had just been shot by gang members.

12.  Upon their screaming, Dimock, an East Point Police Officer patrolling the area, exited the SUV and realized that he had just shot an unarmed man in his own front yard and told Plaintiff, "My bad!  My bad!"

13. Dimock then screamed to Plaintiff's mother, "Relax!  It was just a Taser."

3

14. Dimock then helped Plaintiff to his feet, explained that he had just been shot with a taser, and asked if he needed an ambulance.  Plaintiff responded that he did.

15.  The paramedic that arrived also downplayed the incident to the point that Plaintiff's mother elected to take Plaintiff to the hospital herself.

16. Plaintiff incurred medical expenses as a result of the incident.

17. Plaintiff sent an Ante Litem notice pursuant to Georgia Law on December 5, 2012, and has complied with all conditions precedent to filing suit.

**COUNT I – SECTION 1983, EXCESSIVE AND UNREASONABLE FORCE AND SEIZURE UNDER THE 4TH AMENDMENT OF THE U.S. CONSTITUTION (DEFENDANT DIMOCK)**

18. Plaintiff re-alleges and incorporates herein paragraphs 1-17 of this Complaint.

19. Dimock's conducting a drive-by type stop in an unmarked vehicle at night was unreasonable and caused Plaintiff to turn and run rather than speak to the police and when Dimock deployed his taser, he had effectively seized Plaintiff against his will.

20. Dimock's use of his taser as a first resort was excessive and not in response to any threat or force initiated by Plaintiff.

21. Dimock's pointing the taser out the window as he pulled up on Plaintiff indicates a desire to fire the taser first and ask questions later.

22.  Dimock's near immediate realization that he just shot an unarmed and innocent bystander in his own front yard indicates that had Dimock taken a second more to think, Plaintiff would not have been shot in the back.

23. Dimock's actions were malicious, sadistic, and deliberately and callously indifferent to Plaintiff's Constitutional Rights and they directly caused Plaintiff's injuries.

## COUNT II: STATE LAW BATTERY
## (DEFENDANT DIMOCK)

24. Plaintiff re-alleges and incorporates herein paragraphs 1-23 of this Complaint.

25. Dimock's intentional deployment of his taser into Plaintiff's back harmed and offended Plaintiff.

## COUNT III: MONELL LIABILITY
## (DEFENDANT CITY OF EAST POINT)

26. Plaintiff re-alleges and incorporates herein paragraphs 1-25 of this Complaint.

27. Defendant City of East Point failed to conduct an adequate background check that would have revealed Dimock's violent propensities.

28. The City of East Point deliberately failed to hire a competent psychologist who would have identified Dimock's sadistic and quick-trigger-finger nature.

29. The City of East Point failed to train Dimock in the proper use of force as evidenced by Dimock's decision to pull up to Plaintiff with his taser ready to deploy out the window and his decision to shoot first and ask questions later.

30. The City of East Point's silent acquiescence to Dimock's method of law enforcement is evident in their failure to respond to two open records requests regarding Dimock, his background and complaints, and the incident even after Plaintiff involved Attorney General Sam Olens.

31. The City of East Point's failure to discipline Dimock for similar incidents in the past caused Plaintiff's injuries.

32. The City of East Point's failure to train and supervise Dimock caused Plaintiff's injuries.

**WHEREFORE**, Plaintiff requests this Court award compensatory and punitive damages to the Plaintiff, attorneys' fees pursuant to 42 U.S.C. §1988(b), and such other and further relief as appears reasonable.

A jury trial is demanded.

/s/ **Robert D. Ortman**_____
Robb Ortman, Esq.
Attorney Bar Number: 554911
Attorney for Plaintiff
Law Offices of Robb Ortman, PC
PO Box 724263
Atlanta, Georgia 31139-4263
Telephone: (404) 512-2925
Email: robertortman123@gmail.com

6